**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gerald Lynn McIntire, | ) | No. CV-11-0895-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dennis R. Smith, | ) | |
| Respondent. | ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1), respondent's response (doc. 9), petitioner's reply (doc. 12), the Report and Recommendation by the United States Magistrate Judge (doc. 13), and petitioner's objections (doc. 14).

In his petition for writ of habeas corpus, petitioner challenges the Bureau of Prison's (BOP) determination that his current conviction for felon in possession of ammunition precludes him from a sentence reduction following his successful completion of the prison's drug abuse treatment program. Petitioner is currently serving a 63-month sentence, followed by 3 years of supervised release, for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The BOP denied petitioner's request for early release, concluding that his conviction for felon in possession of ammunition makes him ineligible for early release under 18 U.S.C. § 3621(e)(2).

1       In 1990, Congress directed the BOP to provide drug abuse treatment programs for
2  prisoners with substance addiction. 18 U.S.C. § 3621(e). To encourage participation in the
3  program, Congress provided for an early release incentive for those successfully completing
4  the program. Id. § 3621(e)(2). The statute provides that the BOP may reduce by up to one
5  year the sentence of a prisoner who (1) was convicted of a nonviolent offense, and (2)
6  successfully completes the drug abuse treatment program. Id. § 3621(e)(2)(B). Determining
7  which prisoners are eligible to participate in the drug treatment program, as well as whether
8  prisoners are eligible for early release upon successful completion of the program, is within
9  the BOP's broad discretion. 18 U.S.C. § 3621(e)(5)(B), § 3621(e)(2)(B).

10      In Lopez v. Davis, 531 U.S. 230, 239, 121 S. Ct. 714, 721 (2001), the Court held that
11 the BOP permissibly exercised its discretion under § 3621(e)(2)(B) when it categorically
12 excluded from early release those inmates whose current offense was a felony involving a
13 firearm, notwithstanding that those offenses are defined as "nonviolent" under existing
14 authority. The Supreme Court found that the statute's restriction on early release eligibility
15 to "nonviolent" offenders does not limit the BOP's discretion to determine who among those
16 nonviolent offenders will be granted early release. Id.

17      The Ninth Circuit has held that the BOP's categorical exclusion from early release
18 eligibility of felons in possession is not based on a conclusion that felon in possession is a
19 "crime of violence," but rather rests on the BOP's "broad discretion in administering the
20 sentence reduction treatment program." Bowen v. Hood, 202 F.3d 1211, 1219 (9th Cir.
21 2000) (citation omitted). The court reasoned that the BOP made a "common-sense decision
22 that there is a significant potential for violence from criminals who carry, possess or use
23 firearms while engaged in their felonious employment, even if they have wound up
24 committing a nonviolent offense this time." Id. Therefore, the BOP has the authority to
25 categorically exclude from early release eligibility those prisoners convicted of felon in
26 possession, even though the offense is nonviolent in nature.

27      Petitioner correctly asserts that 28 C.F.R. § 550.55, the regulation governing early
28 release eligibility, excludes inmates convicted of felon in possession of a firearm, but does

- 2 -

1 not expressly exclude inmates convicted of felon in possession of *ammunition*. However,
2 Program Statement 5162.05, an internal BOP guideline, provides that "[a]ll offenses under
3 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program
4 benefits," including eligibility for early release. Id. at 28. Expressly included within the
5 offenses under 18 U.S.C. § 922(g) is felon in possession of ammunition. See 18 U.S.C. §
6 922(g) ("It shall be unlawful for any person—(1) who has been convicted in any court of a
7 crime punishable by imprisonment for a term exceeding one year . . . [to] possess . . . any
8 firearm *or ammunition*." (Emphasis added). Because 18 U.S.C. § 922(g) incorporates within
9 its offense definition felons who possess ammunition, we agree with the Magistrate Judge
10 that, pursuant to Program Statement 5162.05, petitioner's conviction under § 922(g)(1) for
11 felon in possession of ammunition precludes him from early release eligibility under 18
12 U.S.C. § 3621(e)(2)(B). Therefore, we accept the recommended decision of the Magistrate
13 Judge pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

We also conclude that reasonable jurists would not find our assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 478, 120 S. Ct. 1595, 1601 (2000). Accordingly, **IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis*.

DATED this 20th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge